**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** v. **JOSHUA GEORGE BAKER (01),** **Defendant.** | **Case No. 14-40089-01-DDC** |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Joshua George Baker's pro se[1] "Motion for a Post Sentencing Judicial Recommendation to the Federal Bureau of Prisons" (Doc. 28). For reasons described below, the court denies Mr. Baker's motion.

**I.     Background**

On June 7, 2016, Mr. Baker entered a plea agreement under Rule 11(c)(1)(C), pleading guilty to a firearm possession crime, 18 U.S.C. § 922(g). His binding plea agreement included a jointly recommended sentence: a prison sentence lasting no longer than 57 months; three years of supervised release; no fine; and the mandated special assessment of $100. Doc. 22 at 2.

On September 12, 2016, the court accepted Mr. Baker's plea agreement and sentenced him—consistent with the Plea Agreement—to 57 months in prison, among the other above-referenced components. Doc. 25 & 26. At Mr. Baker's request, the court recommended that Mr.

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of plaintiff's advocate. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Baker participate in the Residential Drug Abuse Program ("RDAP") and that the Bureau of Prisons designate him to its facility in Oxford, Wisconsin. Doc. 26 at 2.

## II. "Motion for a Post Sentencing Judicial Recommendation to the Federal Bureau of Prisons" (Doc. 28)

In his motion, Mr. Baker asks the court to amend its sentence to include a "Post-sentencing recommendation in an order to the B.O.P. that he receive 9 to 12 months of halfway house placement in accordance with the Second Chance Act." Doc. 28 at 1. He requests this amendment, he says, because he "needs the halfway house amount requested to find a job, transportation, housing, etc." *Id.*

The court construes this filing as a motion to amend the judgment, or, alternatively, for a supplemental recommendation by the court made outside the judgment. *See United States v. Grant*, No. 5:14-CR-296-FL-1, 2017 WL 2799851, at *1 (E.D.N.C. June 28, 2017) (construing defendant's motion for recommendation about length of placement in residential re-entry center or home confinement as a motion to amend the judgment, or for a supplemental recommendation outside the judgment); *see also United States v. Galindo*, No. 2:13-CR-73-FTM-38CM, 2017 WL 3499254, at *2 (M.D. Fla. Aug. 16, 2017) (construing defendant's motion for order recommending RRC placement as a motion requesting a supplemental recommendation and noting that "[t]o the extent that [defendant] seeks the Court to amend the judgment, it has no basis to do so under the circumstances presented.").

First, the court has no authority or basis to amend the judgment. Except in limited situations, a federal statute prohibits the court from modifying a term of imprisonment once the court has imposed it. 18 U.S.C. § 3582(c). The exceptions are limited to a motion made by the BOP, lowering of the relevant guideline range by the United States Sentencing Commission, and

other circumstances explicitly described by Fed. R. Crim. P. 35. *Id.*; *see also Grant*, 2017 WL 2799851, at *1. None of these exceptions apply here.

Mr. Baker's motion asserts that 18 U.S.C. § 3621 authorizes the court to make a recommendation in circumstances like his. Doc. 28 at 1. Yet he never identifies the words in this statute purportedly conferring this authority on the court. Indeed, he never even identifies the subsection of § 3621. The court has reviewed § 3621 carefully and simply disagrees with Mr. Baker's construction of it.

Mr. Baker also asserts that "numerous cases have granted such recommendations," Doc. 28 at 1, and then cites four cases. The court has reviewed three of the four cases that Mr. Baker cites. And, indeed, the judges in those three cases decided to make a recommendation similar to the one sought here.[2]

And finally, Mr. Baker asserts that "the following behavior and accomplishments while incarcerated indicate significant positive change . . . and that he is deserving of the amount of halfway house" requested by his motion. While the court sincerely hopes Mr. Baker has made the progress he reports, his motion provides nothing more to support this conclusory assertion.

The court has concluded that it should deny Mr. Baker's motion. The court simply lacks the requisite information to make the recommendation it seeks. The court has had no interaction with him since the sentencing hearing, a hearing conducted nearly two years ago. To say it bluntly, the court simply lacks information to evaluate Mr. Baker's performance or his rehabilitative needs. In contrast, the BOP fully apprehends Mr. Baker's performance during incarceration. It also can diagnose any progress he has made on a fully informed basis.

---

[2] The fourth case cited in the motion is "U.S. v. Spraggins, 2:15-cr-20111-AC-mkm." Doc. 28 at 1. The court cannot locate an order in that case that addresses a request for a post-sentencing recommendation. It has located one reported order in that case; 2016 WL 3254580. But that order does not address an issue similar to the one presented by Mr. Baker's motion here.

3

Even if the court chose to make the requested recommendation, recommendations from a court are not binding on the BOP. 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."). The BOP has adopted policies that will identify whether Mr. Baker is eligible for placement at a halfway house. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 7310.04, Cmty. Corr. Ctr. (CCC) Utilization and Transfer Procedures (1998). The court has minimal familiarity with these policies.

For these reasons, the court respectfully denies Mr. Baker's motion, but without intending for its decision to prejudice any similar request Mr. Baker might submit to BOP.

### III.    Conclusion

For the reasons discussed above, the court denies Mr. Baker's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion for a Post Sentencing Judicial Recommendation to the Federal Bureau of Prisons" (Doc. 28) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of May, 2018, at Topeka, Kansas.**

　　　　　　　　　　　　　　　　　　　　　　**s/ Daniel D. Crabtree**
　　　　　　　　　　　　　　　　　　　　　　**Daniel D. Crabtree**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**